IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | COMPLAINT |
| NFI ROAD RAIL LLC, and NFI INDUSTRIES, INC. | ) ) ) | JURY TRIAL DEMAND |
| Defendants. | ) ) ) | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991 and the Equal Pay Act of 1963 to correct unlawful employment practices on the basis of sex, and to restrain the unlawful payment of wages to a female employee at a rate less than the wage rates paid to male employees, and to provide appropriate relief due to Charging Party Amy Brown as a result of such unlawful practices. Charging Party Amy Brown is a former employee who was paid less wages by Defendants because of her gender, than was paid to at least two male employees for performing the job duties of Director of Intermodal Operations, as alleged with greater particularity in paragraph 9 below.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. Sections 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the

FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. Sections 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e5(f)(1) and (3).

4. At all relevant times, Defendant, NFI Road Rail LLC (the "Employer"), has continuously been a Texas corporation, doing business in the State of Texas and the City of Irving, and has continuously had at least 15 employees. Defendant NFI Industries, Inc. (the "Employer") has continuously been a New Jersey corporation, doing business in the state of Texas and the City of Irving, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employers have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Employers have acted directly or indirectly as employers in relation to employees and have continuously been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant Employers have continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) have continuously been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprises have continuously been enterprises whose annual gross volume of sales made or business done is not less than $500,000.

## STATEMENT OF TITLE VII CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Amy Brown filed a charge with the Commission alleging violations of Title VII and the Equal Pay Act by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least August 2010, Defendant Employers, NFI Industries, Inc., through and with NFI Road Rail, LLC, together have engaged in unlawful employment practices at their Irving, Texas facility, in violation of Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2) and Section 703 of Title VII, 42 U.S.C. § 2000e-2(a)(1) by committing the following acts:

   (a) In August 2010, Timothy Hitchcock (male), Director of Intermodal Operations, was paid an annual salary of $95,000. When Charging Party Amy Brown (female) replaced Hitchcock, and performed the duties of Director of Intermodal Operations, she was paid a salary of $82,500 in

          violation of the Equal Pay Act and Section 703 of Title VII, 42 U.S.C. § 2000e-2(a)(1). Charging Party Amy Brown held this position at this lesser rate of pay until December 2010.

(b)     In December 2010, Defendants hired Christopher Tracy (male) as Director of Intermodal Operations at an annual salary of $105,000, over $20,000 more than Amy Brown, in violation of the Equal Pay Act, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and Section 703 of Title VII, 42 U.S.C. § 2000e-2(a)(1).

(c)     In April 2011, at the time that Christopher Tracy was fired from his position of Director of Intermodal Operations, his annual salary was $110,000.  When Charging Party Amy Brown, once again, held the position of Director of Intermodal Operations, she was not given a pay increase commensurate with the male co-workers. Instead, the Defendants kept her salary equal to her male counterparts below that of her male counterparts, in violation of the Equal Pay Act, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and Section 703 of Title VII, 42 U.S.C. § 2000e-2(a)(1).  Charging Party Amy Brown held this position while Defendant refused to provide her with a salary until her constructive discharge on September 27, 2011.

(d)     EEOC also alleges that Charging Party Amy Brown was constructively discharged on September 27, 2011, after Defendant Employers denied her a salary that was commensurate with her skill experience, responsibilities and demonstrated performance in the Director level position.  The Defendant also reduced her responsibilities and deliberately made

Charging Party Amy Brown's working conditions so intolerable that she was forced into an involuntary resignation. Charging Party was subjected to harassment and humiliation by Defendant regarding her sex, pregnancy, and motherhood, including her ability to provide for her children.

The effect of the practices complained of in paragraph 9 above has been to deprive Charging Party Amy Brown of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female. Plaintiff avers that the pay disparity is actionable under the Equal Pay Act and Title VII of the Civil Rights Act of 1964, as amended, pursuant to the continuing violation doctrine.

10. The unlawful employment practices complained of in paragraphs 9 above were intentional.

11. The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of Charging Party Amy Brown.

12. The unlawful practices complained of in paragraph 9 above were willful.

13. Since at least August 2010, Defendant Employers have violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by demanding that Charging Party Amy Brown perform the position of Director of Intermodal Operations at a salary less than the rates paid to Timothy Hitchcock and Christopher Tracy.

14. As a result of the acts complained of above, Defendant Employer unlawfully has withheld and is continuing to withhold the payment of wages due to Charging Party Amy Brown.

PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

(A).   Grant a permanent injunction enjoining the Defendant Employers, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's sex;

(B)   Grant a permanent injunction enjoining the Defendant Employers, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating, between employees on the basis of sex by paying wages to employees at a rate less than the rate paid to employees of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions;

(C)   Order Defendant Employers to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of past and present unlawful employment practices.

(D)   Order Defendant Employers to make whole Charging Party Amy Brown, by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

(E)   Order Defendant Employers to make whole Charging Party Amy Brown by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraph 9 above;

(F)   Order Defendant Employers to make whole Charging Party Amy Brown by providing compensation for past and future nonpecuniary losses resulting from the

unlawful practices complained of in paragraph 9 above, including but not limited to emotional pain and suffering, humiliation, inconvenience and loss of enjoyment of life for being treated differently than the males that held the Director of Intermodal Operation position both before and after Charging Party Amy Brown, and for having been compelled into a separation of employment by constructive discharge.

(G)   Order Defendant Employers to pay Charging Party Amy Brown punitive damages for their malicious and/or reckless conduct described in paragraph 9 above, in an amount to be determined at trial.

(H)   Grant a judgment requiring Defendant Employers to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages or prejudgment interest in lieu thereof to employees whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Charging Party Amy Brown.

(I)   Grant such further relief as this Court deems necessary and proper in the public interest.

(J)   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

DAVID LOPEZ
General Counsel

GWENDOLYN REAMS
Associate General Counsel

/s Robert A. Canino
ROBERT A. CANINO

Regional Attorney
Oklahoma State Bar No. 011782

/s Suzanne M. Anderson
Supervisory Trial Attorney
Texas Bar No. 04855720


/s William C. Backhaus
WILLIAM C. BACKHAUS
Senior Trial Attorney
Texas State Bar No. 01493850

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 S. Houston St., 3rd Floor
Dallas, Texas 75202
(214) 253-2742
(214) 253-2749 (FAX)